Caldwell, J.
The village of Norwood instituted proceedings to straighten and widen Highland avenue of that village. It became necessary to take certain property in order to widen and straighten the avenue, and certain property was to be condemned, and the city undertook to proceed under section 2271, which is applicable to Cincinnati, and which section requires the assessment to be made by the foot front on abutting lots or lands to the ordinary depth of lots in the vicinity, and allows the city council to include, with qther damages,the costs and expenses of making the appropriation,
The land was laid out in the immediate vicinity of this avenue in such a manner that when the council declared to the extended depth, to that of 150 feet, it included several parcels of property that did not abut on the improvement, but lay back of it. For example, some of these were where lots were made to front on streets that crossed Highland avenue, and had a frontage on the street that crossed Highland avenue, and yet lay within the 150 feet which was designated as the depth of the taxing district.
This action is brought claiming there are defects in the proceedings of the village that render the whole proceeding null and void, and claiming also, that by reason of the fact that there were many pieces of property in the taxing district that did not abut the street, that the mode of taxing was not applicable to the case in hand, but that some other mode should have been resorted to.
Now, the first objection argued to us, is, that the ordinance declaring the assessing district and the property to be appropriated, is not such as to include lots that did not abut upon the improvement; and the second point raised is, that the assessing ordinance does not conform to the appropriation ordinance in this regard, that the assessing ordinance undertakes to assess property that does not abut *198 upon the improvement, while the appropriation ordinance did not include such property; and the first objection is, that the assessing ordinance was not followed up. That the plan of the assessment by the foot front was not followed, but that there are some fifty pieces, or fifty different standards of payment within the assessing district. Some parcels pay a certain amount, while other parcels pay a less amount, and still other parcels a still less amount, and that the city council got away entirely from the plan it adopted of assessing by the foot front at a uniform rate wherever the lots abutted upon the improvement or upon the property that was taken. Then it is claimed that there was certain property known as the Wooley property that had a street through it, and that the village assessed the property, the Wooley property, as though it was not divided by a street, as though it was not in parcels, but as a whole, and that the property even covered by the street was assessed as a part of the Wooley property. Then the question is made as to the charges that were made as a part of the expenses. Expert witnesses testify as to the values of these different properties that were being appropriated, and the expense of the attorney who attended to the matter for the village, and various other matters, and then there are certain irregularities in charging. These irregularities consisted in this: that where there were two pieces in certain places along this improvement that constituted the 150 feet in depth but belonging to different persons, both pieces are assessed against one, and that the evidence in this case does not show separately and distinctly the two pieces by boundaries by which they can now be by us separated so as to put the tax that is against one person,though upon the property as a whole, against the two owners, giving to each the payment of that which belongs to each one to pay.
These cover the objections to this proceeding on the *199 part of the plaintiffs, and I think are about all that were argued to us, and all I find in the brief filed in the case.
Now, as to the section of the statutes, 2271, under which this proceeding took place. It is said by the attorneys on both sides,that this is the statute that is made applicable by the legislature to a proceeding of this kind in this county, and there is no objection to the village proceeding under this statute, except this, that it is claimed, that on account of the facts existing in the case as to-the property,that the statute can not be adapted to this case, and therefore can not be used; but the village should have resorted to some other provision in the statutes for making this improvement.
This statute provides that the council, in passing the ordinance appropriating the property, shall indicate what property shall be assessed, The council undertook to do this by indicating that all property abutting upon the improvement should be assessed, and it is claimed that it indicated that any other property lying within the 150 feet that did not actually abut, should be assessed, and it is claimed on behalf of the parties who bring this action, the plaintiffs, that the ordinance does not cover such property as does not abut, and yet lies within the 150 feet. We think that that objection to the proceeding of the council is not well taken, and I will consider that in connection with some of the other objections.
The statute clearly, and the parties agree to this, includes within it, property that lies within the 150 feet of the improvement, and yet dees not abut upon it, and that is a correct construction of the statute. It does include such. In determining, therefore, what lands shall be assessed by the council, we think that the council framed its ordinance in such a way, although not very clearly, that the owners of property lying within the 150 feet would understand that their property was to be assessed *200 for the improvement, whether it abutted or did not abut upon the improvement.
As to the question in connection with this — and what I say upon this bears upon the question I have just noticed, as to the question of different values, and getting away from the idea of assessing by the foot front, that arises largely in this way: A. owns a little strip of land, 50 or 75 feet, we will say — a little strip of land that actually abuts upon the improvment, and is only twenty feet deep. B. owns a parcel of land lying right in the rear of that, which is 50 feet wdde and 75 feet long, so that it has the same frontage towards the improvement that the piece that lies in front of it has, and C. owns the land in the rear of these two pieces, extending from those pieces to the depth of the taxing district, 150 feet. Now, how are those parties to pay? There are three parcels 75 feet wide that constitute the 150 feet deep. Now, when it comes to forming the assessing district, those three parcels will be considered by the council as one parcel, abutting 75 feet upon the improvement and extending back 150 feet. They may belong to one owner — that would make it a very clear case. They may belong to three different owners' — -that is not so clear; but the assessment now is upon the 75 feet front by the foot front, and 150 feet deep as though it were owned by one individual, and yet, when they come to pass the assessing ordinance, the amount that that land 75 feet abutting and 150 feet deep is to pay, is then assessed to three different owners, and it is assessed in what manner? Now, if one person had owned that property, there would have been an assessment upon it by the foot front, 75 feet, and whatever each foot had to pay would be paid by each foot of the 75; but it is not the foot front that lies next to the improvement that pays the money, it is all the land of the party that lies within the assessing district, so that it is the 75 feet and the 150 feet deep. *201 You find the area of that, and every foot of that area pays an equal amount towards the improvement. Now if that is true as to a single owner, and it certainly must be true under the provisions of this statute, otherwise, if it is not true, then only the actual land that abuts, which may be an inch or half an inch or a foot, does the paying. If it is not true,as I have stated,then that is the only land that pays anything. But that is not the case. It is all the land lying within the assessing district, and every square foot of that land, pays equally. Now, that being true, when you come then to the three persons owning this land that abuts 75 feet and 150 feet deep, then that is to be pro-rated among those three owners.' The amount that one man alone would have paid had be owned the whole of it,is to be prorated among those owners according to the number of square feet that each one owns. That being true, the only way to determine how much each one of those three owners must pay, is to find the number of square feet in the whole tract of 75 by 150, and the proportion of that that each one owns, indicates the proportion of the assessment that he is to pay, Now, taking this theory of the case, these parcels do not pay differently from others as I have stated already.
The council in determining this matter, when it maps out its assessing district, does not take into consideration that three persons own that; but they proce.ed in making out the assessment as though one person owned the whole of it. Then, when they come to pass the ordinance for assessing, they divide that according to the land that each one owns. This being true, the objection now that different persons pay does not vary the rule of assessing by the foot front, nor does it in any manner change it, because after all, when you assess by the foot front, foot front means that every foot lying or abutting and running back 150 feet, and that every foot of that is to pay equally, so that *202 we see nothing irregular or nothing illegal in the proceedings taken by the council in regard to these parcels of land that lie in and not abutting against the improvement, and in the rear within the assessing district of land that does abut.
Now, as to the Wooley property. There was evidence offered in the case that the street that was put through the Wooley property, and the street itself being included in the Wooley property, there was evidence that that street was put through after these proceedings were commenced. That is the evidence of the village engineer, and that when the appropriation ordinance was passed, and perhaps, I am not clear about that, after the assessing ordinance was passed, this street had not then been constituted a legal street. That being true, there is nothing irregular about that, There is nothing illegal about it I mean to say, such as would destroy entirely the proceedings of the council up to that point; but this street being put through after-wards, nothing more could be accomplished than to have it made exempt now from the taxation that is placed upon it, nor is it therefore irregular to assess the Wooley property all in one tract instead of separating it by reason of the local surface,or by streets or any other objects being placed through it.
Now, as to the expenses. The evidence in this case, we think, shows clearly that no illegal expenses or no overcharges have taken place in this case, but the proceedings are regular, and the charges are proper, and such as may be included under the statute in this sort of proceeding.
There are certain irregularities in this case. For instance, the property belonging to two different persons is assessed in the assessing ordinance against one person. This error does not reach back beyond the assessing ordinance. The council undertook to make out in its assessing ordinance the exact amount that each man should *203 pay on his land, and that included against A., not only his lands, but the land of B.. lying in the rear of it, and within the assessing district. This being true, th9 testimony of the engineer is such that he says that it can easily now be separated by scaling the chart that was placed before us. He says he can deterrriine the exact amount of land belonging to A., and the exact amount belonging to B. That being the evidence, it is an error simply creeping into the assessing ordinance that does not affect at all the appropriation ordinance, nor does it go to the merits of the case, and is a mere irregularity that may be corrected in the assessing ordinance.
Then it is claimed that certain property is assessed in the name of one person while another owned it at the time, and the assessment should have been in the name of the real owner. That is admitted on behalf of counsel for the village, and what I have stated in regard to the other case is applicable to this. It can be corrected.
We find, therefore, no error on the part of the proceedings of the village council in making this improvement.
Of course, in levying taxes, whether it is for a special improvement, or whether it is state or county taxes, exact equality is impossible, and we believe, that so far as any defects in this proceeding are pointed out, the village has been in its proceedings as exact as any such proceedings ever are or very well can be, and we find nothing in it that should defeat the proceedings of the council up to this time.
A decree, therefore, will be rendered in this court for the village, requiring the village to make the corrections that I have pointed out which are better known to the attorneys than to myself. I have only mentioned two of them. There may be others of the same character, and after being *204 thus corrected, the assessing ordinance with all the proceedings of the council will be affirmed by this court, and the petition of the plaintiffs will be dismissed.
Oliver B. Jones, for Plaintiffs.
Wm. E, Bundy, Village Solicitor, for Defendants.